Good morning, your honors. May it please the court, this is Philip Trevino appearing by telephone on behalf of the defendant. I am under appointment by the court. Counsel, I have a question for you. There was something I was looking for and I couldn't find it in the excerpts. Yes, sir. The promissory notes. Who are the promissory notes made out to? And if you happen to know where they are in the excerpts, could you tell me what page? Your honor, I have to apologize. I don't believe those were included in the excerpts, but I can certainly rectify that if the court would permit a supplemental filing. And what I was wondering was whether they were made out to Bank of America or whether they were made out to this Equicredit. I think that's going to vary depending upon the particular account, your honor. If we're talking about the accounts that we've challenged. That's the only thing I'm interested in. Great, your honor. That's my recollection. Those would be made to Equicredit Corporation of America. And that brings into focus a specific point. So the notes are to Equicredit? It is my recollection, your honor, yes, to the Corporation of America. And I'd like to focus the court, if I may, because the government questioned whether there was any proof at the trial that Equicredit versus Equicredit Corporation of America was discussed in the trial. And I can give the court a ten-point spike. Mr. Tribuneau, would you just slow down a little bit and speak louder because we're right at the critical discussion in this case. Okay, yes, of course, your honor. My apologies. There is a dispute, apparently, in the briefs before the court as to whether it's Equicredit or Equicredit Corporation of America that was the lender on these particular accounts. And if I may direct the court respectfully to pages 122 and 123 of the reporter's transcript for December 6, 2005. And therein there is testimony offered by Special Agent Rebecca Pfeiffer of the FBI. And she specifically references that these accounts were pertaining to loans made by Equicredit Corporation of America. Now, in view of the government's assertion in its answering brief that there was no evidence to support the defendant's contention on this point, I went back and reread that specific testimony. And I will acknowledge there is an ambiguity in this. But she is very specifically saying she pulled the exhibits, and I think the exhibits are probably those that the client will just reference. We're talking about the promissory notes, specifically from files from Equicredit Corporation of America. And it may also help the court to understand this is not the first time Equicredit Corporation of America was referenced during the government's case. In the case in chief, the government had previously presented extensive testimony through an attorney for Bank of America, Mr. Milton Butler, about the relationship between Bank of America, Equicredit, and Equicredit Corporation of America. And it also did so, again, during its case in chief, through testimony offered by Ms. Christine Bustamagna, who was the vice president at Bank of America and corporate security, or secretary, excuse me. And again, it was the government that elicited significant testimony about Equicredit Corporation of America as distinct from Equicredit. So that when Special Agent Pfeiffer testified, specifically indicating that these loans, that the documents that she was offering or were being introduced as evidence, were found in the files of Equicredit Corporation of America, it seems to me the clear import of all of this testimony was that they came from the wholly-owned subsidiary of separate wholly-owned subsidiaries. But if I can back out from that, I would present to the court the position that, regardless of whether it was Equicredit or Equicredit Corporation of America, our point remains the same. There is a failure of proof as to whether whichever of those wholly-owned subsidiaries, whether it's the directly-owned or indirectly-owned, was covered under any federal insurance. Mr. Trevino, this is Judge Callahan. Yes, Your Honor. Now, my understanding is that you're basically attacking this on an insufficiency of the evidence and saying that the government failed to prove one of the elements of the crime, right? That is correct. And you didn't present any evidence yourself about this. You're saying what they presented was insufficient as a matter of law, correct? Yes, Your Honor. So that being said, if we were to agree with you, then this isn't going to be retried, right? Jeopardy is attached and that's the end of it, right? I would have believed so, yes, Your Honor. But as a matter of law, the government would be precluded from retrying these accounts. Now, if you look at the conduct that occurred here, it would certainly seem like it was some crime. But are you just saying it was some other crime? Yes, correct, Your Honor. What other crime would it be? My expectation would be had the government chosen to file mail fraud, there were mailings that could perhaps have been attacked on these specific accounts, that it could have also filed this potentially as wire fraud if, in fact, as I believe is the case, there were wire transfers into the escrow account. It's just simply, I don't think, as if the court sustained the argument the defendants presented, I don't think it's precluding the government in any way from prosecuting this type of conduct. It's simply saying in an instance where the wholly owned subsidiary does not independently have insurance, the FSLIC. Well, let me ask you this. I don't think either of you mentioned, but last year the Fraud Enforcement and Recovery Act of 2000 was enacted, which added mortgage lending institutions to the definition of financial institutions in 18 U.S.C. Section 20. What should we make of this development? Does it mean they weren't before, or does it mean that they're just saying if there's any, are they clarifying, or what are we supposed to make of that? And I'm surprised that no one really mentioned that to us. I guess from my perspective, Your Honor, it wasn't addressed simply because of the date of the offenses that are alleged here. But I would suggest to the court to read that subsequent amendment as bolstering our view, that it wasn't covered prior to the date of the recently enacted statute. It isn't to say that even prior to that amendment that mortgage companies couldn't be covered. It's simply if they didn't have the insurance, or if the government didn't adduce the proof that it really was an alter ego of an insured entity, that the charge couldn't be structured this way. And I'm sorry, Your Honor, I believe the court has another question. It's okay. This is Judge Werdla. Mr. Trivino, put aside your alter ego theory for a second. The plain language of the statute makes it a crime to obtain any of the money, whether property owned by or under the custody or control of a financial institution. I look at under principles of corporate law that would apply here. I would reject the government's asset argument. But what about control? Is there an argument that whichever entity we're talking about is a wholly owned subsidiary, a Bank of America, does that make it under the control of Bank of America, which is a financial institution? I think Your Honor has a very legitimate point. It might well be that it is under the control, but we don't know it from this record. Well, that's my second question. Assume that is the theory, that wasn't the government's theory at trial, and in the record the evidence is that it's a wholly owned subsidiary. Is that tantamount to control, or do we need some other evidentiary link? I think we need some further evidentiary link, Your Honor. And if I could suggest to the Court the problematic scenario I see from the government's position is, if we could just pause it for a moment, if there were a claim asserted, a civil claim asserted against whichever of these subsidiaries, and the government were being requested to pay that claim under the FFLIC, would it not want this exact additional information? Would it not want to know precisely whether or not the subsidiary was under the control and the various analyses of the alter ego test were met? I respectfully suggest to the Court it would. And that would be, I think, the case in a civil context. It strikes me it should be even more stringent in a criminal context, that it just simply needs to make the showing if it's going to charge the crime under this statute, or at least prior to the recently amended statute. Counsel, you may want to save a little time. I'm happy to do so if the Court has no further questions. I've only got three seconds, but I'm going to give you 30 seconds or one minute for rebuttal because the case has some interesting aspects. Thank you, Your Honor. Counsel? Thank you, Your Honor. Good morning. May it please the Court. My name is Curtis Kinn, and I represent the Plaintiff Appellee, United States of America. I have a few questions for you. Certainly, Your Honor. It struck me that a federally insured financial institution, fitting the definition, might well want a wholly owned subsidiary that was not a bank, in order to avoid the very restrictive regulations on bank and have a potential profit center that was unregulated. And it also struck me that even though the federally insured institution might own the sub, that doesn't mean that all the money would come from the federally insured institution. For example, if a bank wanted to have an unregulated sub making high-risk loans, it might get the money to cover the loans from private lenders who were willing to take higher risk in exchange for higher reward. There's just no connection necessarily between the entire ownership of the sub and any sort of commingling of money. And it struck me when I was reading this statute that what it does is it protects federally insured banks from fraud, so that the FDIC and the taxpayers won't have to pay for them. So I couldn't quite figure out why it doesn't make any difference that it's a different corporation, which I think is the government's case. I understand the Court's concern, Your Honor. And I think they are more valid if the government had proceeded solely on subsection 1 liability under the bank fraud, which is whether the actual victim was the bank. In that case, then, I would certainly accept that it might be a valid analysis, as the defendant suggests, that you have to go into finding whether it is an alter ego relationship. Isn't that missing the point? I mean, even the evidentiary basis, even if you look at the restitution order, the restitution order states the relationship incorrectly. It says victim, Equicredit. It doesn't tell us which Equicredit. And then it says a division of Bank of America. And that's contrary to the government's own evidence. No, Your Honor. I believe that's actually consistent with the government's theory, which is that we also proceeded under subsection 2 liability. Is it a division? I thought it was a subsidiary corporation. It's a wholly owned subsidiary. That's not a division. It's not a division. That might be a misstatement, then, in the restitution order. It is a misstatement. Correct. It's not just you know the difference between a division and a subsidiary corporation. Yes, Your Honor. A division would actually be part of Bank of America. A subsidiary is wholly owned here. Nonetheless, even as a wholly owned or actually as a wholly owned subsidiary, that's sufficient for subsection 2 liability, which this Court has found both in McNeil and Mason. How do I know that? That would require under the custody or control. And even if it's wholly owned, I don't know whether they have Bank of America officers who are also the officers of the sub or Bank of America directors who are the directors of the sub or Bank of America officers who are directors of the sub. I don't know if they're instructed to run things by Bank of America and do what Bank of America says or if Bank of America's position is, hey, separate corporation, you run that corporation. If it makes money, we'll keep it going. And if it doesn't, we'll shed it. I just don't know. Is there any evidence in the record that would answer Judge Kleinfeld's question? No, Your Honor. It wouldn't answer that. However, Judge Kleinfeld only focused on one aspect of subsection 2 liability, which is custody and control. Subsection 2 liability also encompasses funds and monies owned by a financial institution. But they're not owned by a separate corporation. Your Honor, in that regard, I think we find that Cartwright, the Fifth Circuit ---- I own shares of stock of, oh, I can't remember, whatever's on my disclosure form. And the companies that I own shares of stock in, gosh, I don't anymore. I used to own shares of Polaroid, and Polaroid owned all kinds of stuff in Massachusetts. But if I went in and took it, I'd be a thief. And that would be so even if I owned 100 percent of the shares of Polaroid. Your Honor, I understand what you're saying, but I think it's the government's position that because Equicredit Corporation was wholly owned by Bank of America, its assets and the money and funds which were the subject of this fraudulent scheme, they were owned by, for purposes of the bank fraud statute. If that's your position, it seems like it's patently incorrect, because we know perfectly well that a corporation owns the corporation's property, even if the stock of the corporation is owned by somebody else. Your Honor, if limited solely to principles of corporate law, then I think as we look at these other cases, Cartwright included, they suggest that we need not look simply to corporate law. And in fact, the other cases, let's talk about the Seventh Circuit decision in White. It points out that, for example, if somebody were to rob the wholly owned sub, it wouldn't be bank robbery. Correct, Your Honor. But if you look at what White was at issue, that was a different statute, which is 18 U.S.C. 1014, which is ---- It was analogous. Well, it was false statements to a bank. It didn't have any equivalent to the subsection 2 liability under 1344. Can ECWR credit ---- ECWR credit doesn't have Federal deposit insurance, right? The record does not have any support for that. Can ECWR credit accept deposits, like a bank? There's nothing in the record to suggest one way or the other on that, Your Honor. So as far as we know, ECWR credit's not a bank. It's not a Federally insured institution. I think, Your Honor, the record does not show necessarily ---- does not show that ECWR credit is a financial institution, and we're not relying on that. Otherwise, we would have 1344. You're relying, then, you stand or fall on whether ECWR credit's assets are owned by Bank of America because Bank of America owns the stock. Your Honor, we do rely on that, and we believe that it is sufficient here. It is undisputed that there was a fraudulent scheme here. It's not disputed here. There's undisputed that the victim was and is ECWR credit corporation, and it's undisputed that ECWR credit corporation was wholly owned by Bank of America. Well, the standard of review here that ---- I mean, it's on sufficiency of the evidence. So what I'm not quite ---- there are other possibilities that could have come about here, but there isn't any evidence to the other possibilities. So what inferences are you entitled to from what you put in the record? Under the sufficiency of the evidence standard, we are entitled to all favorable inferences as the prevailing party here. And, indeed, I think as the Court has just noted, the record is sufficient to support the convictions here. But let's say if there had been in the record some of the things that Judge Kleinfeld were talking about, then you might not have been entitled to those inferences. Is that correct? If we had additional evidence, perhaps. But I think we can look at what is in the record here, and I think a rational prior fact could have found that the monies that ECWR credit corporation loaned out were owned by Bank of America. I think a person who was ignorant of principles of corporate law might have been able to find that. But I don't think anyone who knows anything about corporations and ownership could find that. Maybe you ---- I don't know what you could have introduced as proof. I think evidence of control might have been helpful. It may have been, Your Honor. I have to live with the record that we have here. But it is sufficient. I don't see why you charged it this way even. It seems to me pretty clear that the statute is designed to protect federally insured banks. And this isn't one, even though it's owned by one. A couple of comments in that regard, Your Honor. Congress changed it so that the statute now protects mortgage lenders, even if they're not banks. Correct, Your Honor. But as this Court has found, actually, in McNeill and Mason, is the bank does not necessarily need to be the direct victim. In fact, when it ---- especially in McNeill, when I believe it was Judge Fletcher goes through the history of 1344 and specifically talks about subsection 2, this Court says that this does not simply ---- or it's not limited simply to schemes that defraud financial institutions. So the victim need not necessarily be the financial institution. That was altogether different. Yeah. The whole theory of this case was that Bank of America was the victim. McNeill was getting money out of the bank. Correct. But the direct victim in McNeill was the IRS. It was a refund check that happened to be deposited with the bank. I think, quite frankly, that the ---- But the bank was part of the scheme. They were actually getting money out of the bank. Yes, Your Honor. There were additional helpful facts in that case, but I don't believe that the holding McNeill rose or fell based on that. McNeill, if you look at what the Court said, was that monies owned and controlled by the bank under 1344-2, that that subsection of 1344 should be construed broadly. In the custody or control of a bank, and that's the element we're suggesting you didn't prove in this case. Well, Your Honor, if you look at 1344-2, one theory of liability under subsection 2 is monies under the custody and control. We are talking about monies that are owned by the bank as an additional liability. Only they're not. I believe that they were, Your Honor, for purposes of ---- What do you mean for purposes? Let's take real estate. I don't know if this Equicredit owns the real estate where it has its office, but if it does, the deed would be from John Doe, Deeds Blackacre, to Equicredit Corporation. And the owner shown in the chain of title would be Equicredit. Whether Equicredit was owned by Bank of America wouldn't mean that the land was owned by Bank of America. Blackacre would have record title owner, Equicredit Corporation. I just don't get it. I don't understand why you're saying this, frankly. I understand, Your Honor. I don't think that upholding the convictions depends solely on principles of corporate law. We are on a sufficiency of the evidence standard in which a ---- I think you're saying we should all pretend that this is a criminal case. We don't know any corporate law. We don't know about corporations. We don't even know what they are. We'll just ignore all that for purposes of upholding conviction. And I don't understand. Well, I think put differently, it's that Equicredit Corporation was wholly owned by Bank of America. Its assets and its funds were owned by Bank of America. That would be a straightforward application of 1344. We need not look simply to corporate law or our ---- an understanding corporate law doesn't necessarily govern here. I believe even this Court said in McNeill that it wants to avoid having to turn to principles of corporate law and State law. We look simply to ---- So you want us to read the word owned to mean something different from what it means in the rest of the law? No, Your Honor. We want owned to mean owned or belongs to, which is what the Fifth Circuit said in Cartwright. I think owned by for corporate principles under corporate law, that is one definition, but certainly it's not restrictive or shouldn't be the only definition of owned by here for the bank fraud statute. I'm going to ask you another question that bothers me. Can you explain to me how jury instruction number 12 got into this mix? I don't know if you have it. It wasn't raised. It defines the term federally charted or insured financial institution instead of financial institution. That's the old version of the statute. In 1989, it was changed to financial institution. So what ---- how did the old version of the statute's definition end up in the jury instructions to this jury? Your Honor, I don't know as to how that ended up that way. It's an erroneous instruction. What do we ---- it's plainly erroneous instruction. What do we make of that? Even if erroneous, one, it's not before the court. Number two, I think there's no dispute at least. Well, it is because we have exceptions when people haven't raised things as errors. So it could be before the court. Yes. But I think there's no dispute that Bank of America was a federally insured financial institution, and the government's theory is that ---- You'd say it wouldn't affect substantial rights or be manifest injustice is what you would say, right? Correct, Your Honor. Even if not waived, even on plain error review, I think it wouldn't have any ---- Well, I think you should go back and tell the people in the U.S. Attorney's Office that they're using an incorrect instruction that's been out of date by 20 years in the jury instructions for bank fraud. That I will certainly do, Your Honor. Can I ---- I have a question. I have a couple of questions. On ---- do you agree that if it's a matter of law that that was insufficient, that you can't retry this? Standing here, I believe that might be right, Your Honor. But having not ---- having heard the issue for the first time, I don't want to concede it necessarily at this point. But I think so. Well, I mean, if this Court were saying it was ---- you failed in an element of the ---- you failed in producing sufficient evidence of an element of the crime, and it was a jury trial, so. Now, what about the ---- now, am I understanding you to argue that you're saying what you put in was sufficient as a matter of law, and if you get all inferences, that was enough? And what the questions that you're being asked are, if that evidence had been introduced, that it was a different type of, you know, if the organizational structure was different, then they didn't have custody and control, or they didn't own the assets, then that might have been a different situation. But you only had to do a certain amount, that's enough? And is that what I'm understanding you to say? Correct, Your Honor. That is absolutely right. That is our argument. Okay. And what about the fact that Congress later said they broadened, they got specific and said that mortgage ---- that mortgage lending institutions are financial institutions? But is ---- are we to ---- can we infer from that that they weren't before? Your Honor, certainly that would have been a very helpful legal development, ex post facto considerations aside. But that really, again, would have gone to subsection 1, liability. I don't know whether it matters, frankly, for purposes of 1344 subsection 2, liability, which is ownership of the funds or monies at issue. Did you try this case? I did not, Your Honor. Okay. I see that my time is up. If there's no further questions, we would submit. Thank you, counsel. May it please the court, I'll be happy to answer any further questions the court may have, but I'm otherwise prepared to submit. I would appreciate some clarification whether the court would seek the supplemental filing. We'll send you an order if we want it. Thank you, Your Honor. Thank you, counsel. Thank you. United States v. Bennett is submitted.
judges: Kleinfeld, Wardlaw, Callahan